| | |
|---|---|
| DISTRICT COURT, SUMMIT COUNTY, STATE OF COLORADO<br>Court Address: 501 North Park Avenue<br>           P.O. Box 269<br>           Breckenridge, CO 80424 | DATE FILED: March 26, 2019 5:22 PM<br>FILING ID: A40D37B26669F<br>CASE NUMBER: 2019CV30047 |
| Plaintiff:  Richard Robuck<br><br>v.<br><br>Defendant:    C.R. England, Inc., and Deshawn Arrington | ▲COURT USE ONLY▲ |
| Counsel for the Plaintiffs<br>William C. Marlin, Reg. No. 16093<br>Joseph A. Sirchio, Reg. No. 44675<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Denver, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail:  marlinb@fdazar.com<br>E-Mail: sirchioj@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiff Richard Robuck, by and through his attorneys, William C. Marlin and Joseph A. Sirchio of Franklin D. Azar and Associates, P.C., for his Complaint against the Defendants, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Richard Robuck (*hereinafter,* "Robuck") is, and at all times relevant hereto was, a citizen and resident the City of Yampa in Routt County, Colorado.

2. Upon information and belief, Defendant C.R. England, Inc., (*hereinafter,* "England") was and is a Utah corporation with its principal place of business located at 4701 West 2100 South, Salt Lake City, Utah 84120.

3. Upon information and belief, Defendant Deshawn Arrington (*hereinafter,* "Arrington") is, and at all times relevant hereto was, a citizen and resident of the City of Rialto, San Bernardino County, California.

4. Defendant England operates under USDOT No. 28406.

5. On June 12, 2016, Defendant England owned a 2016 Freightliner tractor.

6. The 2016 Freightliner tractor has Vehicle Identification Number 1JJV532B2CL722894.

7. On June 12, 2016, Defendant England owed a trailer that was being towed by the 2016 Freightliner tractor.

8. The combined weight of the tractor-trailer owned by Defendant England (hereinafter "the England tractor-trailer") was in excess of 10,001 pounds.

9. The combined weight of the England tractor trailer was in excess of 26,001 pounds.

10. On June 12, 2016, Plaintiff Robuck was driving 2012 Ford Expedition (hereinafter "the Robuck vehicle").

11. On June 12, 2016 at approximately 3:43 P.M., the England tractor-trailer collided with the Robuck vehicle as the Robuck vehicle slowed for an emergency vehicle on westbound Interstate 70 in Summit County, State of Colorado (hereinafter "the collision").

12. At the time and place of the collision, there were no adverse weather conditions.

13. At the time and place of the collision, it was light.

14. At the time and place of the collision, the road conditions were dry.

15. At the time and place of the collision, Plaintiff Robuck was operating the Robuck vehicle.

16. Shortly before the collision, a sign at the westbound exit of the Eisenhower Tunnel advised drivers that there an emergency vehicle ahead.

17. Plaintiff Robuck was driving in the far right lane on westbound I-70 as I-70 descends from the Eisenhower Tunnel to Silverthorne.

18. Defendant Arrington was driving in the far right lane on westbound I-70 as I-70 descends from the Eisenhower Tunnel to Silverthorne.

19. At the time of the collision, at approximately Highway Mile Point 208.8 of westbound I-70, a motor vehicle was stopped on the right shoulder.

20. At the time of the collision, at approximately Highway Mile Point 208.8 of westbound I-70, an emergency vehicle with flashing lights was pulling off westbound I-70 onto the right shoulder.

21. Plaintiff Robuck slowed as he approached the emergency vehicle.

22. Defendant Arrington was directly behind Plaintiff Robuck.

23. Defendant Arrington did not slow for the emergency vehicle.

24. Defendant Arrington did not slow to avoid colliding with the Robuck vehicle.

25. The England tractor-trailer collided with the rear of the Robuck vehicle at approximately Highway Mile Point 208.8.

26. At the location of the collision the speed limit for tractor-trailers is 35 miles per hour.

27. At the location of the collision the speed limit for the England tractor-trailer is 35 miles per hour.

28. At the location of the collision the speed limit for the Robuck vehicle is 60 miles per hour.

29. At the time of the collision the England tractor-trailer was traveling at approximately 50 miles per hour.

30. At the time and place of the collision, Defendant Arrington was operating the England tractor-trailer.

31. At the time of the collision, Defendant Arrington was driving a commercial vehicle.

32. At the time of the collision, Defendant Arrington possessed a California Commercial Driver License.

33. At the time of the collision, Defendant Arrington was a commercial vehicle driver involved in the commercial trucking business.

34. At the time of the collision, Defendant Arrington was a commercial vehicle driver making interstate deliveries and was within the State of Colorado.

35. Defendant England is involved in the commercial trucking business making deliveries interstate.

36. United States Department of Transportation Rules and Regulations applied to Defendant Arrington at the time of the collision.

37. United States Department of Transportation Rules and Regulations applied to Defendant England at the time of the collision.

38. The Federal Motor Carrier Safety Administration Rules and Regulations applied to Defendant Arrington at the time of the collision.

39. The Federal Motor Carrier Safety Administration Rules and Regulations applied to Defendant England at the time of the collision.

40. Colorado traffic rules and regulations applied to Defendant Arrington at the time of the collision.

41. Colorado traffic rules and regulations applied to Defendant England at the time of the collision.

42. The collision was investigated by Officer Raynor Bourlet of the Colorado State Patrol.

43. Officer Bourlet prepared a Colorado State Patrol Traffic Accident Report in connection with his investigation of the collision.

44. Officer Bourlet determined that Defendant Arrington was at fault for causing the collision.

45. Officer Bourlet issued a traffic citation to Defendant Arrington for "Following Too Closely" in violation of C.R.S. § 42-4-1008(1).

46. At the time of the collision, Defendant Arrington failed to slow down the England tractor-trailer to avoid striking the rear of the Robuck's vehicle.

47. Defendant Arrington's failure to slow down the England tractor-trailer to avoid striking the rear of the Robuck vehicle caused the collision.

48. Defendant Arrington's failure to obey the speed limit caused the collision.

49. Defendant Arrington's failure to observe an emergency vehicle caused the collision.

50. The collision caused bodily injury to Plaintiff Robuck.

51. Plaintiff Robuck did nothing to cause the collision.

52. Plaintiff Robuck did nothing to contribute to the cause of the collision.

53. At the time of the collision, Plaintiff Robuck was properly restrained.

54. The collision was the sole responsibility of Defendant Arrington.

55. Defendant Arrington had a duty to drive safely at all times.

56. Defendant Arrington has been trained that a tractor-trailer requires more time to come to stop from 50 miles per hour than an average passenger vehicle.

57. Defendant Arrington has been trained that tractor-trailer requires more space to come to a stop from 50 miles per hour than an average passenger vehicle.

58. Defendant Arrington knows that a tractor-trailer has the ability to harm other drivers on the road.

59. Defendant Arrington knows that extra care is required when driving down an incline in the mountains.

60. Defendant Arrington saw the traffic sign at the westbound exit of the Eisenhower Tunnel warning him of an emergency vehicle ahead.

61. Defendant Arrington consciously disregarded the traffic sign he saw at the westbound exit of the Eisenhower Tunnel warning him of an emergency vehicle ahead.

62. At all relevant times, Defendant Arrington had an obligation to keep a careful lookout for other traffic on the roadway.

63. At all relevant times, Defendant Arrington had an obligation to see what was plainly visible.

64. At the time of the collision, Defendant Arrington was required to follow all traffic rules and regulations in effect.

65. At the time of the collision, Defendant Arrington operated the England tractor-trailer in disregard for the traffic regulations in effect.

66. Defendant Arrington's unreasonable acts at the time of the collision were in violation of his duty of reasonable care to other drivers on the road.

67. Defendant Arrington's unreasonable acts at the time of the collision were in violation of his duty of reasonable care to Plaintiff Robuck.

68. Defendant Arrington's unreasonable conduct at the time of the collision was sufficient to cause and did cause injury to Plaintiff Robuck.

69. Defendant Arrington had a duty to act as a reasonable driver while operating the England tractor-trailer.

70. Defendant Arrington did not meet his duty of reasonable care because he failed to slow the England tractor-trailer vehicle to avoid colliding with the rear of the Robuck vehicle.

71. The actions of Defendant Arrington caused bodily injury to Plaintiff Robuck.

72. At the time of the collision, Defendant Arrington was acting within the course and scope of his employment with Defendant England.

73. Defendant England is vicariously liable for any negligent acts of its employee, Defendant Arrington, which caused or contributed to cause the collision.

74. No third party caused or contributed to the cause the collision.

75. No third party caused or contributed to cause Plaintiff Robuck's injuries, damages and losses.

76. Plaintiff Robuck has not failed to mitigate his damages.

77. Plaintiff Robuck has not been injured in an unrelated incident subsequent to the collision.

78. Pursuant to C.R.C.P 98(c), Plaintiff Robuck designates the Summit County District Court as the place of trial.

### FIRST CLAIM FOR RELIEF
*(Negligence Against Defendant Arrington)*

79. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

80. The actions of Defendant Arrington immediately prior to and at the time of the collision, including, but not limited to, failing to drive the speed limit and failing to slow his vehicle for an emergency vehicle were negligent.

81. As a direct, proximate and foreseeable result of the negligent conduct of Defendant Arrington, Plaintiff Robuck suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physicians' bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at trial.

### SECOND CLAIM FOR RELIEF
*(Negligence Per Se Against Defendant Arrington)*

82. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

83. The acts and omissions of Defendant Arrington immediately prior to and at the time of the collision were in violation of applicable statutes of the State of Colorado.

84. Defendant Arrington's actions immediately before and at the time of the collision violated C.R.S. § 43-4-1401, "Reckless Driving."

85. Defendant Arrington's actions immediately before and at the time of the collision violated C.R.S. § 42-4-1402, "Careless Driving."

86. Defendant Arrington's actions immediately before and at the time of the collision violated C.R.S. § 42-4-1008(1), "Following Too Closely."

87. Plaintiff Robuck was a person within the class of persons that the aforementioned statutes were enacted to protect.

88. Defendant Arrington's violation of one or more of the aforementioned statutes constitutes negligence *per se*.

89. As a direct, proximate and foreseeable result of the negligence *per se* of Defendant Arrington, Plaintiff Robuck suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physician's bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at trial.

### THIRD CLAIM FOR RELIEF
*(Respondeat Superior Against Defendant England)*

90. The allegations contained above are incorporated herein by reference as if now set forth verbatim.

91. At the time of the collision, Defendant Arrington was employed by and acting within the course and scope of his employment, or had some other agency relationship, with Defendant England.

92. Pursuant to the doctrine of *respondeat superior*, Defendant England is legally liable and responsible for the negligent acts and omissions of its employee, Defendant Arrington, which occurred while he was acting within the course and scope of his employment with Defendant England.

93. Defendant England is legally liable and responsible for the injuries, damages and losses sustained by Plaintiff Arrington that were caused by negligent acts and omissions of Defendant Arrington.

94. As a direct, proximate and foreseeable result of the negligence and negligence *per se* of Defendant Arrington, for which Defendant England is vicariously liable, Plaintiff Robuck suffered physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, severe mental anguish, medical, hospital and physicians' bills, loss of earnings and earning capacity, and permanent impairment in amounts to be determined at trial.

WHEREFORE, Plaintiff Richard Robuck prays for judgment against said Defendants for all general and special damages, all statutory and necessary costs, including but not limited to expert witness fees and expenses incurred in the investigation and discovery required to present Plaintiff's claims, interest from the date of the occurrence, post-judgment interest at the statutory rate, and for such other and further relief as the Court shall deem just, proper and appropriate under the circumstances.

EXHIBIT B

Respectfully submitted this 26st day of March, 2019.

                                        **FRANKLIN D. AZAR & ASSOCIATES, P.C.**
/s/ *Joseph A. Sirchio*
William C. Marlin, Reg. No. 16093
Joseph A. Sirchio, Reg. No. 44675
*Attorneys for Plaintiff*

**Plaintiff's Address:**
**356 Terhone Avenue**
**Yampa, CO 80483**